UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **HARDAWAY VOLCY,** | : | |
| Petitioner, | : | CIVIL ACTION NO. 3:11-2072 |
| v. | : | (CAPUTO, D.J.) |
| | | (MANNION, M.J.) |
| **UNITED STATES OF AMERICA;** | : | |
| **RONNIE HOLT; KRIS ERICKSON;** | | |
| **and LLOYD BENDER;** | : | |
| Respondents. | : | |

## **REPORT AND RECOMMENDATION**[1]

On November 7, 2011, the petitioner, who is confined at FPC Canaan in Waymart, Pennsylvania, filed a petition for writ of habeas corpus pursuant to 28 U.S.C. §2241. (Doc. No. 1). On November 15, 2011, the petitioner filed the applicable filing fee. (Doc. No. 11). As such, the petition will now be given preliminary consideration pursuant to Rule 4 of the Rules Governing Section 2254 cases, as made applicable to Section 2241 cases by Rule 1 thereof. See 28 U.S.C. foll. §2254.

In petitioner Volcy's habeas petition, he indicates that he is presently serving a federal sentence which was imposed by the United States District

---

[1] For the convenience of the reader of this document in electronic format, hyperlinks to the court's record and to authority cited herein have been inserted. No endorsement of any provider of electronic resources is intended by the court's practice of using hyperlinks.

Court for the Middle District of Florida for (1) conspiracy to distribute and possess with intent to distribute 100 kilograms or more of marijuana in violation of 21 U.S.C. §§ 841 and 846(b)(1)(A), and (2) possess with intent to distribute 100 kilograms or more of marijuana in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(B) and 18 U.S.C. §2. (Doc. No. 1-3 at 2). In the instant petition, petitioner challenges his conviction and sentence imposed by the United States District Court for the Middle District of Florida on the grounds that the court lacked subject matter jurisdiction, and he was denied effective assistance of counsel. (Doc. No. 1-2). In addition, the petition indicates that petitioner previously filed two unsuccessful motions pursuant to 28 U.S.C. §2255. *Id.* at 6.

As petitioner is challenging the legality of his conviction, in accordance with *United States v. Miller*, 197 F.3d 644 (3d Cir. 1999), the court issued an order advising the petitioner that: (1) he can have the petition ruled on as filed; (2) have his petition re-characterized as a §2255 motion and heard as such, but in that event he will lose his ability to file a second or successive petition absent certification by the court of appeals; or (3) withdraw his petition and file one all-inclusive §2255 motion within the one-year statute of limitations period prescribed by the Antiterrorism and Effective Death Penalty

2

Act, ("AEDPA"), Pub. L. No. 104-132, Title 1, §§101-108, 110 Stat. 1214, 1217-21 (1996). The petitioner was provided a Notice of Election form and was directed to return the completed form by January 12, 2012. (Doc. No. 13). Accordingly, on December 6, 2011, the petitioner returned the Notice of Election form and elected to proceed as follows:

> I have not labeled my motion, petition or pleading as a motion to vacate, set aside or correct my sentence under 28 U.S.C. §2255. I choose to have the court rule on my motion, petition, or pleading as filed. I understand that the failure to bring the motion, petition, or pleading under 28 U.S.C. §2255 may be a basis for denial or dismissal of the motion, petition, or pleading.

(Doc. No. 14 at 1).

Accordingly, the court will construe petitioner's petition as a petition for writ of habeas corpus pursuant to 28 U.S.C. §2241. *See id.* As such, the court will now turn to the issue of whether petitioner may proceed pursuant to §2241.

A federal prisoner may challenge his sentence or conviction by motion to the sentencing court pursuant to 28 U.S.C. §2255. "Motions pursuant to 28 U.S.C. §2255 are the presumptive means by which federal prisoners can challenge their convictions or sentences that are allegedly in violation of the Constitution." *Okereke v. United States,* 307 F.3d 117, 120 (3d Cir. 2002) (citing *Davis v. United States,* 417 U.S. 333, 343 (1974)); *see Application of*

3

*Galante*, 437 F.2d 1164, 1165 (3d Cir. 1971) ("Section 2255 has made the sentencing court the exclusive forum for challenge to the validity of a conviction and sentence in the first instance."). Indeed, a court is specifically prohibited from entertaining a federal prisoner's challenge to his conviction by an application for habeas corpus pursuant to 28 U.S.C. §2241[2] "unless it also appears that the remedy by motion [i.e., pursuant to § 2255] is inadequate or ineffective to test the legality of his detention." 28 U.S.C. §2255; *see Okereke,* 417 F.3d at 120 ("[Section] 2255 must be used to raise a challenge to the validity of a conviction or sentence unless that section is 'inadequate or ineffective.') (citing *In re Dorsainvil*,119 F.3d 245, 251 (3d Cir. 1997)).

In order to be able to bring a §2241 petition for a writ of habeas corpus, the petitioner must establish that he satisfies the safety-valve language of §2255, i.e., that the remedy by way of a §2255 motion is inadequate or ineffective to test the legality of his detention. The safety-valve language in §2255 has been strictly construed. *See Application of Galante,* 437 F.2d at 1165-66 (unfavorable legal standards prevailing in circuit where sentencing court located does not render §2255 remedy inadequate or ineffective);

---

[2] Section 2255 is not designated as a habeas corpus statute, but rather speaks of motions "to vacate, set aside or correct the sentence." In contrast, §2241 is formally designated as the habeas corpus statute. But, in fact, §2255, like §2241, is a species of habeas corpus. *See Davis v. United States,* 417 U.S. 333, 343 (1974) ("[Section] 2255 was intended to afford federal prisoners a remedy identical in scope to federal habeas corpus."); *United States v. Anselmi,* 207 F.2d 312, 314 (3d Cir. 1953) ("[S]ection 2255 . . . afford[s] to a convicted federal prisoner a remedy which is the substantial equivalent of the conventional writ of habeas corpus.")

*Millan-Diaz v. Parker*, 444 F.2d 95, 97 (3d Cir.1971) (doubts about the administration of a §2255 motion in particular does not make the remedy inadequate or ineffective); *United States ex rel. Leguillou v. Davis*, 212 F.2d 681, 684 (3d Cir.1954) (even if the sentencing court incorrectly disposes of a proper motion under §2255 the proper remedy would be by appeal of that decision and not a habeas corpus petition). A prisoner can pursue habeas relief under the safety-valve clause of §2255 usually only in a situation where a subsequent statutory interpretation reveals that the prisoner's conduct is no longer criminal. *See Brown v. Mendez*,167 F. Supp. 2d 723, 726-27 (M.D. Pa. 2001).

A §2255 motion is "inadequate or ineffective" only where a prisoner demonstrates "that some limitation of scope or procedure would prevent a §2255 proceeding from affording the prisoner a full hearing and adjudication of his claim of wrongful detention." *Application of Galante*, 437 F.2d at 1165 (quoting *United States ex rel. Leguillou v. Davis*, 212 F.2d 681, 684 (3d Cir.1954)). The burden is on the habeas petitioner to allege or demonstrate inadequacy or ineffectiveness. *See id.*; *Cagle v. Ciccone*, 368 F.2d 183, 184 (8th Cir.1966). It is the inefficacy of the remedy, not the personal inability of the petitioner to utilize it, that is determinative. *Garris v. Lindsay*, 794 F.2d 722, 727 (D.C. Cir.1986). Courts have consistently held that a prior unsuccessful motion to vacate sentence does not render the remedy inadequate or ineffective. *In re Vial*, 115 F.3d 1192 (4th Cir.1997) (stating the remedy afforded by §2255 is not rendered inadequate or ineffective merely because an individual has been unable to obtain relief under that provision,

5

or because an individual is procedurally barred from filing a §2255 motion). Moreover, "[§]2255 is not inadequate or ineffective merely because the sentencing court does not grant relief, the one-year statute of limitations has expired, or the petitioner is unable to meet the stringent gatekeeping requirements of the amended §2255." *Cradle v. United States ex rel. Miner, 290 F.3d 536, 539 (3d Cir. 2002)*.

The court recommends that petitioner not be allowed to proceed under §2241 because he has not demonstrated that §2255 is inadequate or ineffective. Here, the only arguments advanced by petitioner as to why he should be allowed to proceed under §2241 are that the statute of limitations has expired, and that his §2255 motion has been "exhausted." (Doc. No. 1-2 at 6). However, as explained above, §2255 is not inadequate or ineffective merely because the one-year statute of limitations has expired or because the sentencing court did not grant relief. *See id.*

Moreover, petitioner does not offer any arguments as to why he could not have raised his jurisdictional challenges or ineffective assistance of counsel claims in his §2255 motions. *Russell v. Pugh*, 143 Fed. Appx. 408, 410 (3d Cir. 2005) (because petitioner had a reasonable opportunity to raise his claims in a §2255 motion before the District Court and the Fourth Circuit

Court of Appeals, and because his claims are not based on an intervening interpretation of the statutory provisions under which he was convicted, he may not now seek relief through the filing of a §2241 petition). Furthermore, the court notes that such claims are properly raised in §2255 motions before the sentencing court. *See* 28 U.S.C. §2255(a) ("A prisoner . . . claiming the right to be released upon the ground that . . . *the court was without jurisdiction to impose such sentence* . . . may move the court . . . to vacate, set aside or correct the sentence.") (emphasis added); *United States v. Tolliver*, No. 10-3439, 2011 U.S. App. LEXIS 19090, at *23-24 (3d Cir. Sept. 15, 2011) (explaining that ineffective assistance of counsel claims are properly raised in a §2255 motion).

In sum, petitioner has not made the requisite showing that §2255 is inadequate or ineffective to test the legality of his conviction or sentence. Further, the remedy afforded under §2241 is not an additional, alternative, or supplemental remedy to that prescribed under §2255. Therefore, petitioner Volcy's petition should be dismissed for lack of jurisdiction.

On the basis of the foregoing, **IT IS RECOMMENDED THAT**:

(1) The petition, (Doc. No. 1-2), be **DISMISSED** for lack of jurisdiction;

7

(2) Petitioner's "writ of protection and motion for mandamus for issuance of 'order' under 28 U.S.C. §1361," (Doc. No. 1), motion for the appointment of counsel, (Doc. No. 2), "motion to discharge petitioner/plaintiff from custody of habeas corpus 28 U.S.C. §2241 for involuntary servitude/forced labor and cruel and unusual punishment under the 8th and 13th amendment of the constitution and other grounds,"(Doc. No. 5), and "motion to discharge petitioner from custody on habeas corpus 28 U.S.C. §2241 for lack of subject matter jurisdiction, lack of jurisdiction and other ground," (Doc. No. 6), be dismissed as moot; and

(3) The Clerk of Court be directed to **CLOSE** this case.

s/ *Malachy E. Mannion*
**MALACHY E. MANNION**
**United States Magistrate Judge**[3]

**Date:** January 5, 2012
O:\shared\REPORTS\2011 Reports\11-2072-01.wpd

---

[3] For the convenience of the reader, the court has attached copies of unpublished opinions cited within this document.