# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

HARDAWAY VOLCY,

    Petitioner,

v.

UNITED STATES OF AMERICA;
RONNIE HOLT; KRIS ERICKSON; and
LLOYD BENDER,

    Respondents.

CIVIL ACTION NO. 3:11-CV-2072

(JUDGE CAPUTO)

(MAGISTRATE JUDGE MANNION)

## MEMORANDUM

Presently before the Court is the Report and Recommendation of Magistrate Judge Malachy E. Mannion (Doc. 15), recommending that this action be dismissed. As Magistrate Judge Mannion was correct to determine that Volcy's Petition failed to make the necessary showing that relief under 28 U.S.C. § 2255 would be ineffective and inadequate, the Court will adopt the Report and Recommendation and will dismiss Volcy's Petition.

## BACKGROUND

Petitioner Hardaway Volcy is a prisoner at United States Penitentiary-Canaan in Waymart, Pennsylvania. He is serving a federal sentence, imposed by the United States District Court for the Middle District of Florida, for: (1) conspiracy to distribute and possess with intent to distribute 100 kilograms or more of marijuana in violation of 21 U.S.C. §§ 846 and 841(b)(1)(A); and (2) possession with intent to distribute 100 kilograms or more of marijuana in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(B) and 18 U.S.C. §2. (Am. J., Doc. No. 1-3 at 2.) Volcy states that he is currently serving a 97-month term for these convictions. On November 7, 2011, Volcy filed a petition for writ of habeas corpus pursuant

to 28 U.S.C. § 2241.  (Pet. at 11, Doc. 1-2.)  His Petition is based on his alleged innocence, double jeopardy issues, and infirmities with the district court's jurisdiction over the matter. (*Id.* at 6.)  Volcy represents that he has previously filed two unsuccessful habeas corpus petitions under 28 U.S.C. § 2255.  (*Id.*)

On November 29, 2011, the Court directed Volcy to make a "*Miller*" election, informing him that he could have his Petition ruled on as filed, have it re-characterized as a Section 2255 motion and heard as such, or that he could withdraw his petition and file one all-inclusive Section 2255 motion within the statute of limitations period.  *See United States v. Miller*, 197 F.3d 644, 652 (3d Cir.1999).  On December 6, 2011, Volcy filed his Notice of Election, declaring that his motion was not brought under Section 2255, and requesting that it should be ruled on as filled.

Magistrate Judge Mannion, construing Volcy's Petition as a writ of habeas corpus pursuant to 28 U.S.C. § 2241, reviewed the petition pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts.[1]  While Volcy argues in his Petition that the use of a Section 2255 habeas motion would be ineffective and inadequate where the statute of limitations has expired and the Section 2255 motion has been exhausted, the Magistrate Judge determined that this was not the case, and recommended that the petition be dismissed for a lack of jurisdiction.  (Report and Recommendation at 6-7, Doc. 15.)  Volcy filed an objection to the Report and Recommendation on January 17, 2012.  In it, he argues that his Petition should be

---

[1] Rule 4 provides, in relevant part, that: "If it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner."

2

considered directly under Section 2241, and even if it is considered under Section 2255 as a threshold determination, that his Petition triggers Section 2255's "safety valve" provision allowing him to opt for relief under Section 2241. Volcy's Objections to the Report and Recommendation are now ripe for review.

## DISCUSSION

### I. Legal Standard for Reviewing a Report and Recommendation

Where objections to the Magistrate Judge's report are filed, the court must conduct a *de novo* review of the contested portions of the report, *Sample v. Diecks*, 885 F.2d 1099, 1106 n.3 (3d Cir. 1989) (citing 28 U.S.C. § 636(b)(1)(c)), provided the objections are both timely and specific, *Goney v. Clark*, 749 F.2d 5, 6–7 (3d Cir. 1984). In making its *de novo* review, the court may accept, reject, or modify, in whole or in part, the factual findings or legal conclusions of the magistrate judge. *See* 28 U.S.C. § 636(b)(1); *Owens v. Beard*, 829 F. Supp. 736, 738 (M.D. Pa. 1993). Although the review is *de novo*, the statute permits the court to rely on the recommendations of the magistrate judge to the extent it deems proper. *See United States v. Raddatz*, 447 U.S. 667, 675–76 (1980); *Goney*, 749 F.2d at 7; *Ball v. United States Parole Comm'n*, 849 F. Supp. 328, 330 (M.D. Pa. 1994). Uncontested portions of the report may be reviewed at a standard determined by the district court. *See Thomas v. Arn*, 474 U.S. 140, 154 (1985); *Goney*, 749 F.2d at 7. At the very least, the court should review uncontested portions for clear error or manifest injustice. *See, e.g., Cruz v. Chater*, 990 F. Supp. 375, 376–77 (M.D. Pa. 1998). As such, the Court reviews the portions of the Report and Recommendation to which the petitioner objects *de novo*. The remainder of the Report and Recommendation is reviewed for clear error.

**II. Analysis**

In pertinent part, Volcy objects to Magistrate Judge Mannion's determination that his Petition cannot proceed as a habeas petition under 28 U.S.C. § 2241.

### A.  Proceeding Directly Under 28 U.S.C. § 2241

Volcy argues that his Petition may proceed directly under Section 2241 as he "is not testing the validity of the judgment or the sentence but rather is specifically challenging the Warden['s] execution of a void judgment." (Objection at 2, Doc. 16.) While "[m]otions pursuant to 28 U.S.C. § 2255 are the presumptive means by which federal prisoners can challenge their convictions or sentences that are allegedly in violation of the Constitution," *Okereke v. United States*, 307 F.3d 117, 120 (3d Cir. 2002), it is true that "federal prisoners challenging some aspect of the *execution* of their sentence, such as denial of parole, may proceed under Section 2241," *Coady v. Vaughn*, 251 F.3d 480, 485 (3d Cir. 2001) (emphasis added). "Habeas corpus is the proper remedy if a petition does not attack the federal sentence itself, in which case the petitioner need not file a motion in the sentencing court under 28 U.S.C.A. § 2255, since the remedy by motion is inadequate or ineffective to test the legality of the petitioner's detention." 16A Fed. Proc., L. Ed. § 41:144. Although evaluated on a case-by-case basis, challenges to the execution of a sentence in the Third Circuit are not triggered by "garden variety" adjustments in the administration of a sentence, but instead require changes that have a "qualitative difference" on the execution of a sentence, such as being moved from a penal institution to a halfway house. *McGee v. Martinez*, 627 F.3d 933, 936 (3d Cir. 2010) (citing *Woodall v. Fed. Bureau of Prisons*, 432 F.3d 235, 243 (3d Cir. 2005)).

In the instant case, Volcy's assertion that his Petition challenges the execution of his sentence is merely semantic. Volcy argues that "[t]he judgment can not be anything but void since no evidence or basis is formed anywhere on the district court's records to supply sufficient evidence of the court's subject matter jurisdiction," and puts emphasis on the fact that the judgment is "void rather than a voidable issue." (Objection at 3, Doc. 16.) Yet, as a legal matter, there is no indication that the judgment of district court has actually been voided, and it is clear that Volcy is challenging the execution of his sentence only insofar as it is predicated on an allegedly invalid conviction. This challenge is not limited to the execution to the sentence, and to allow it to proceed as such would eviscerate any distinction between challenges to the imposition of sentences and challenges to the execution of those sentences. Therefore, Volcy's Petition was properly construed by the Magistrate Judge as one challenging his conviction and sentence and not originally falling within the domain of Section 2241.

### B.   Requirements Imposed by 28 U.S.C. § 2255

Magistrate Judge Mannion was also correct in determining that Volcy's petition could not proceed under Section 2241 by triggering the "safety valve" provision of Section 2255. As an initial matter, Section 2255 is "the presumptive means by which federal prisoners can challenge their convictions or sentences that are allegedly in violation of the Constitution." *Okereke v. United States*, 307 F.3d 117, 120 (3d Cir.2002). Therefore, in order to secure relief under Section 2241, it must be the case "that the remedy by [Section 2255] is inadequate or ineffective to test the legality of his detention." 28 U.S.C. § 2255(e). This language within Section 2255 "is commonly referred to as § 2255's 'savings clause' or 'safety

5

valve.'" *Osborne v. Longley*, Civ. Act. No. 10-81 Erie, 2012 WL 760942 at *3 (W.D. Pa. Mar. 07, 2012). Volcy argues that this "savings clause was aimed solely at practical problems such as getting the movant to hearing and not to supercede traditional habeas corpus." (Objection at 3, Doc. 16.) Further, he argues that disallowing petitioners to opt out of Section 2255 "would clearly foreclose on a massive constitutional issue in that the writ of habeas corpus would be suspended in violation of [the Constitution]." (*Id.*)

The purpose of allowing petitions to proceed under Section 2241 where a Section 2255 operation would be inadequate or ineffective is to "ensure that petitioners have a fair opportunity to seek collateral relief, not to enable them to evade procedural requirements." *Cradle v. United States ex rel. Miner*, 290 F.3d 536, 539 (3d Cir. 2002). The aim being to ensure that "the habeas corpus remedy shall remain open to afford the necessary hearing." *United States v. Hayman*, 342 U.S. 205, 223 (1952). Of course, "unless a § 2255 motion would be 'inadequate or ineffective,' a habeas corpus petition under § 2241 cannot be entertained by the court." *Cradle*, 290 F.3d at 538.

In order for a Section 2255 motion to be inadequate or ineffective, the petitioner must demonstrate "that some limitation of scope or procedure would prevent a § 2255 proceeding from affording him a full hearing and adjudication of his wrongful detention claim." *Id.* at 538. The determinative factor is the "inefficacy of the remedy," rather than the petitioner's "personal inability to use it." *Id.* at 538-39 (citing *Garris v. Lindsay*, 794 F.2d 722, 727 (D.C. Cir.1986)). Specifically, "Section 2255 is not inadequate or ineffective merely because the sentencing court does not grant relief, the one-year statute of limitations has expired, or the petitioner is unable to meet the stringent gatekeeping requirements of the amended § 2255."

6

*Id.* at 539. Instead, to establish inadequacy or ineffectiveness, the petitioner must show something akin to an intervening change in the law or other extraordinary circumstances. *Id.* While the nature of such "rare circumstances" have not been fully elaborated, *Marmolejos v. Holder*, 358 Fed. Appx. 289, 290 (3d Cir. 2009), examples in the Third Circuit appear limited to instances where "an intervening change in substantive law has potentially made the conduct for which the petitioner was convicted non-criminal." *Robinson v. Bledsoe*, No. 11–4491, 2012 WL 812355 at *1 (3d Cir. Mar. 13, 2012) (per curiam) (citing *In re Dorsainvil*, 119 F.3d 245, 248 (3d Cir. 1997)).

Here, Volcy offers no such extraordinary circumstances triggering the safety valve of Section 2255. He merely avers that Section 2255 would be "inaffective [sic] and inadequate to use, where, 1) statute of limitation has expired over (1) one year, and 2) § 2255 motion has been exhusted [sic]." (Pet. at 6, Doc. 1-2.) As explained above, a failure to secure relief or to meet the one-year statute of limitations is insufficient to trigger a habeas claim under Section 2241, and I agree with the Magistrate Judge that Volcy has failed to meet his burden. Further, I find that leave to amend on this issue would be futile as Volcy has already expressly considered whether Section 2255 would be ineffective or inadequate and has presented no sufficient reasons that it would be, namely that there has been a substantive change in the intervening law. Therefore, I will adopt Magistrate Judge Mannion's Report and Recommendation that Volcy has failed to make the requisite showing on this matter and will dismiss the Petition for lack of jurisdiction.

**CONCLUSION**

As Volcy's Section 2241 Habeas Petition challenges his conviction, it is not the type that can be originally brought under 28 U.S.C. § 2241.  Instead, as the sort which must be brought pursuant to 28 U.S.C. § 2255, Volcy must therefore demonstrate that Section 2255 would be inadequate or ineffective to test the legality of his conviction or sentence in order to then proceed under Section 2241.  Volcy has failed to meet this burden.  As such, I will adopt Magistrate Judge Mannion's Report and Recommendation dismissing the Petition for lack of jurisdiction.  An appropriate order follows.


 March 21, 2012                                           /s/ A. Richard Caputo
Date                                                     A. Richard Caputo
                                                         United States District Judge